IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

STEVEN BRIAN MADDOX                                                                          PLAINTIFF

vs.                                            Civil No. 4:10-cv-04112

MILLER COUNTY, ARKANSAS et al.                                                      DEFENDANTS

### REPORT AND RECOMMENDATION
### OF A UNITED STATES MAGISTRATE JUDGE

Before this Court is Defendants' Motions to Dismiss.  ECF Nos. 3, 9, 14.  All three of these Motions seek the same relief so this Court will address them together.[1]  Plaintiff has responded to these Motions.  ECF Nos. 13, 17.  These Motions were referred to the undersigned on September 22, 2010.  ECF No. 12.  These Motions are now ready for consideration.

On July 30, 2010, Plaintiff filed this above-styled action against Miller County, Arkansas, Sheriff Linda Rambo (individually and in her official capacity as the former sheriff of Miller County), and Dollie Simmons (individually and in her official capacity as a formal jail sergeant). ECF No. 1.  This action was brought pursuant to 42 U.S.C. § 1983.  *Id.* ¶ 6.  Plaintiff alleges Rambo and Simmons removed items from his home.  *Id.* ¶ 10.  These items were in dispute as a part of his divorce.  *Id.*

Defendants claim this lawsuit should be dismissed because Plaintiff has an adequate state court remedy, and this Section 1983 lawsuit is not proper.  ECF No. 15 at 6-8.  Plaintiff argues that he has no other state court remedies and, as such, this case should proceed.  ECF No. 17.

---

[1] Indeed, the only difference between these motions appears to be that different parties are moving for dismissal.  With the final Motion, however, all three Defendants have moved for dismissal.

1

Specifically, Plaintiff claims this lawsuit against Defendants cannot be joined to his divorce action because "an Arkansas Circuit Court hearing a divorce case between Steven Maddox and his wife would not have jurisdiction over Sheriff Rambo or Dollie Simmons." *Id.*

The U.S. Supreme Court has consistently held that a Section 1983 action cannot be brought where the plaintiff has adequate relief under state law. *See Hudson v. Palmer,* 468 U.S. 517, 534-535 (1984). In Arkansas, even if a Circuit Court had no jurisdiction over Defendants as a part of a divorce proceeding, Plaintiff has provided no evidence that he could not file a separate lawsuit in Arkansas Circuit Court against Defendants for conversion or replevin. Because Plaintiff has no support for his claim that he has an inadequate remedy under state law, this Court must recommend that his Section 1983 action be dismissed. *See id.* (affirming a dismissal of a Section 1983 action where the plaintiff had given "speculative" arguments about whether he had an adequate state court remedy). Therefore, based upon the foregoing, this Court recommends Defendants' Motions to Dismiss (ECF Nos. 3, 9, 14) be **GRANTED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

ENTERED this 1st day of November, 2010.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE