IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

STEVEN BRIAN MADDOX                                                                              PLAINTIFF

V.                                                    NO. 10-CV-4112

MILLER COUNTY, ARKANSAS, et al.                                                           DEFENDANTS

## JUDGMENT

Before the Court is the Report and Recommendation filed November 1, 2010, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (Doc. 18). Judge Bryant recommends that Defendants' Motions to Dismiss (ECF Nos. 3, 9, 14) be granted. Plaintiff has responded with timely objections. (ECF No. 19). After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation as its own.

Plaintiff brought this action against Miller County, Arkansas, Sheriff Linda Rambo, and Dollie Simmons pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Rambo and Simmons removed removed items from his home. The items removed were in dispute as part of a divorce. Judge Bryant recommends that Plaintiff's claims be dismissed because Plaintiff has an adequate remedy under state law, such as a state law claim for conversion or replevin.

In his objections to the Report and Recommendation (ECF No. 19), Plaintiff states that the actions of Rambo and Simmons constitute unreasonable searches and seizures and are among the categories of claims for which a plaintiff may invoke § 1983 regardless of any state tort remedy. The Court disagrees. In challenging a property deprivation under the Fourth Amendment or the Due Process Clause, the claimant must either avail himself or herself of the remedies guaranteed by state law or prove that the available remedies are inadequate. *Ali v. Ramsdell*, 423 F.3d 810, 814 (8th Cir.

2005) (quoting *Hudson v. Palmer*, 468 U.S. 517, 539, 104 S. Ct. 3194 (1984) (O'Connor, J., concurring)).  Here, Plaintiff has not proven that he has an inadequate remedy under state law.

The Court agrees with Judge Bryant that Plaintiff's section 1983 action should be dismissed.  Accordingly, for reasons stated herein and above, as well as those contained in Judge Bryant's Report and Recommendation (Doc. 18), Defendants' Motions to Dismiss (ECF Nos. 3, 9, 14) are **GRANTED** and Plaintiffs claims are **DISMISSED**.[1]

**IT IS SO ORDERED**, this 23rd day of February, 2011.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge

---

[1] The Court declines to exercise its supplemental jurisdiction over Plaintiff's state law claims.  *See* 28 U.S.C. § 1367(c)(3).